**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kent and Elisa M. McIntosh, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>IndyMac Bank, FSB; OneWest Bank, FSB,<br><br>    Defendants. | No. CV-11-1805-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant OneWest Bank's Motion to Dismiss (Doc. 9). For the reasons stated below, Defendant's motion is granted in part and denied in part.

## BACKGROUND

On March 19, 2007, Plaintiffs Kent and Elisa McIntosh borrowed $265,000 from Defendant IndyMac Bank, F.S.B. to purchase real property. In connection with this loan, Plaintiffs executed a Deed of Trust. The Deed of Trust designated Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary to the interests granted by Plaintiffs in the Deed of Trust and designated Transnation Title Insurance Co. as trustee. (Doc. 20, Ex. 1). On September 29, 2010, MERS assigned its interest as beneficiary to Defendant OneWest Bank. (Doc. 20, Ex. 4). Also on September 29, OneWest Bank substituted Quality Loan Service Company as trustee. (Doc. 20, Ex. 2). Quality Loan then immediately recorded a Notice of Trustee's Sale. (Doc. 20, Ex. 3). On January 3, 2011, the Property was sold via

foreclosure to Fannie Mae. On January 7, 2011 a Trustee's Deed Upon Sale was recorded conveying Quality Loan's interest as trustee to Fannie Mae. (Doc. 20, Ex. 6). Also on January 7, an Assignment of Deed of Trust was recorded assigning OneWest's interest in the Deed of Trust to Fannie Mae. (Doc. 20, Ex. 5).[1]

Plaintiffs subsequently contacted the Neighborhood Assistance Corporation of America (the "NACA") which in turn contacted authorities at Fannie Mae to discuss rescission of the foreclosure due to OneWest's alleged errors and oversights during the foreclosure process. Plaintiffs allege that OneWest[2] then offered to accept and review an application for a loan modification from them. Plaintiffs further allege that "on several occasions" they provided OneWest with all the required documentation for the modification, but that "instead of doing as it had offered and reviewing Plaintiff's [sic] [application] for a modification, [OneWest] denied document receipt." (Doc. 13, Ex. A at ¶ 5). On March 8, 2011, Fannie Mae agreed to rescind the foreclosure. Plaintiffs allege, however, that in connection with this modification OneWest demanded $5,000. (Doc. 13, Ex. A at ¶ 6). Plaintiffs allege that because they wanted to keep their home they paid the $5,000. They further allege that "[a]s a result of the stress, work interruptions, [and] effort required to pursue the modification and contest the foreclosure," Mr. McIntosh lost his job, pension, and medical benefits, and both Mr. and Ms. McIntosh have suffered various stress-related health

---

[1] The Court takes judicial notice of the Deed of Trust, Assignment of Deed of Trust, Notice of Trustee's Sale, Substitution of Trustee, and Trustee's Deed upon Sale because they are "matters of public record outside the pleadings." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n. v. Solimino*, 501 U.S. 104 (1991).

[2] Plaintiffs at times refer to the entity that foreclosed on their Property and reviewed their request for a loan modification as "Indymac One West Bank" or "Indymac." (*see, e.g.* Doc. 13, Ex. A at ¶¶ 6, 24). Given, however, that OneWest Bank apparently acquired IndyMac's interest in the Property by September 29, 2010—well prior to the January 3, 2011 foreclosure—the Court will assume that Plaintiffs intend to refer to OneWest Bank in these instances and not IndyMac. IndyMac will accordingly be dismissed as a party to this lawsuit.

1  problems. (Doc. 13, Ex. A at ¶ 10). Plaintiffs lastly allege that as of July 12, 2011, they had
2  "made several requests to One West Bank to . . . file the cancellation of the foreclosure sale
3  with the county recorder" but that OneWest failed to do so, resulting in cancellation of their
4  HOA privileges. (Doc. 13, Ex. A at ¶ 9).

On July 22, 2011, Plaintiffs filed their Complaint in this action in the Maricopa County Superior Court. On September 14, 2011, the action was removed to this Court. On September 15, 2011, the trustee filed a Notice of Rescission of the trustee's sale. Defendant OneWest Bank now moves to dismiss Plaintiff's Complaint for failure to state a claim. (Doc. 9).

**DISCUSSION**

**I.   Legal Standard**

The task in a motion to dismiss "is to evaluate whether the claims alleged can be [plausibly] asserted as a matter of law." *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In addition, to survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

## II. Legal Analysis

In their Complaint, Plaintiffs attempt to assert claims against Defendants for failure to record the cancellation of the trustee's sale, bad faith business practices, negligence, quiet title, and slander of title.

### 1. Failure to Record the Cancellation of the Trustee's Sale

Plaintiffs first allege that OneWest Bank is liable to them under A.R.S. § 33-813 (2007) for failing to record the cancellation of the trustee's sale. Section 33-813 states:

> If the trust deed is reinstated . . . the *trustee* shall have a cancellation of the notice of sale recorded in the same county recorder's office where the notice of sale was recorded. A *trustee* who, for thirty days after reinstatement, fails to have proper notice of the cancellation of the notice of sale recorded is liable to the person who performed the conditions resulting in reinstatement for all actual damages resulting from such failure.

A.R.S. § 33-813 (emphasis added). As emphasized above, Section 33-813 requires the recording of the cancellation of the notice of sale by the trustee—not by the loan servicer and/or the deed of trust's beneficiary—and specifically ascribes liability for damages to the trustee. OneWest does not appear to be the trustee, nor do Plaintiffs so allege. This alone is fatal to their § 33-813 claim.

### 2. Bad Faith Business Practices

Plaintiffs next allege that Defendants "misrepresented [their] intentions to in good faith work with Plaintiffs during [the] workout process" and are therefore liable for "egregious bad faith business practices." (Doc. 13, Ex. A at ¶ 18). As stated by OneWest, however, in its Motion to Dismiss, there is no cause of action under Arizona law for "bad faith business practices." In their Response to Defendant's Motion, Plaintiffs attempt to recharacterize their bad-faith business practices claim as a claim that Defendants breached the "covenant of good faith and fair dealing [ ] implied in every contract." (Doc. 18 at 3). Plaintiffs do not, however, bring this contractual claim in their Complaint. Their "bad faith business practices" claim fails as a matter of law.

- 4 -

### 3. Negligence

Plaintiffs also allege that OneWest is liable to Plaintiffs for negligence.[3] (Doc. 13, Ex. A at ¶¶ 21–25). Under Arizona law, negligence consists of four elements: "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 214 Ariz. 141, 143, 150 P.3d 228, 230 (2007). Plaintiffs have adequately plead each of these elements.

Plaintiffs first allege that "as Plaintiff's [sic] lender and servicer," Defendant OneWest had a duty of care towards Plaintiffs. (Doc. 13, Ex. A at ¶ 22). OneWest contends that any such breach of duty must be brought as a breach of contract claim, arguing that lenders and loan servicers do not owe a duty of care to borrowers beyond those duties "defined by the contract between them." (Doc. 9 at 7). Courts in this District, however, have routinely held that lenders and loan servicers have a non-contractual duty towards borrowers which can give rise to negligence claims. *See, e.g.*, *Escobar v. Wells Fargo Bank, N.A.*, 2011 WL 6794032, at *3 (D. Ariz. Nov. 9, 2011) ("[A]t least in some traditional lender-borrower relationships, a duty to disclose exists which could create a material question of fact to survive pleadings."); *Silving v. Wells Fargo Bank, N.A.*, 2011 WL 2669246, at *14 (D. Ariz. July 7, 2011) (rejecting the defendants' claim that "mortgage lenders do not generally have legal duties to borrowers from which negligence claims may arise"); *Narramore v. HSBC Bank USA*, 2010 WL 2732815, at *8 (D. Ariz. July 7, 2010) (holding that a loan servicer has a duty of care "which [can] create a material question of fact to survive pleadings"). *See also Wells Fargo Credit Corp. v. Smith*, 166 Ariz. 489, 803 P.2d 900 (App. 1990) (reversing trial court's grant of summary judgment on borrowers' negligence claim against lender). At least one court has held that this duty of care "is very narrow" and "limited only to the duty to

---

[3] In connection with their negligence claim, Plaintiffs attempt for the first time in their Response to Defendant's Motion to assert a fraud claim. Plaintiffs failed, however, to bring a cause of action for fraud in their Complaint. The Court will not therefore address Plaintiffs' fraud arguments.

disclose," citing an Arizona Court of Appeals case holding that lenders owe a duty to disclose to borrowers the correct amount of monthly payments due under their loan agreement. *Narramore*, 2010 WL 2732815, at *8 (citing *Smith*, 166 Ariz. 489). Even if a loan servicer's duty of care is limited, however, to the duty to disclose correct information, Plaintiff has alleged that OneWest disclosed incorrect information by "demanding a $5,000 payment that was not legally required for it to perform its duty to re-instate Plaintiff's [sic] loan." (Doc. 13, Ex. A at ¶ 24). Further, it is not apparent to the Court why OneWest would not have a duty to correctly service Plaintiffs' account. If it was OneWest's failure to correctly service Plaintiffs' account that resulted in the foreclosure as Plaintiffs allege, then Plaintiffs have stated a cause of action in negligence against OneWest.

Plaintiffs not only allege that OneWest owed them a duty of care, which it breached, but that as a "direct and proximate result" of OneWest's breach, Plaintiffs suffered damages. (*Id.*, Ex. A at ¶ 25). For instance, Plaintiffs claim to have lost pensions, medical benefits, a car, and their good health as a result of OneWest's negligence. (*Id.*, Ex. A at ¶¶ 10–12). Plaintiffs have therefore adequately plead each element of negligence under Arizona law.

### 4. **Quiet Title**

Plaintiffs next attempt to bring a quiet title claim against OneWest under A.R.S. § 12-1101 (2003), which states that:

> An action to determine and quiet title to real property may be brought by any one having or claiming an interest therein, whether in or out of possession, against any person or the state when such person or the state claims an estate or interest in the real property which is adverse to the party bringing the action.

Under Arizona law, however, title cannot be quieted unless a plaintiff has paid off the full amount of his mortgage. *Farrell v. West*, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941) ("[I]f it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless [the plaintiff-mortgagor] pays off such mortgage lien."); *Eason v. Indymac Bank*, 2010 WL 1962309, at *2 (D. Ariz. May 14, 2010) ("[Q]uiet title is not a remedy available to the trustor until the debt is paid or tendered."); *Frazer v. Millennium Bank*, 2010 WL 4579799, at *4 (D. Ariz. Oct.29, 2010) (same). In the instant

1  case, it appears that Plaintiffs still owe a balance on their mortgage. For instance, they
2  recently entered into a loan modification agreement with OneWest. Such an agreement
3  implies that Plaintiffs still have a balance on their loan. Moreover, Plaintiffs do not allege
4  that they have tendered the full amount of the mortgage. Nor do they allege that they are
5  "ready, willing and able" to do so. *Eason*, 2010 WL 1962309, at *2. They have therefore
6  failed to state a valid quiet title claim.

### 5. Slander of Title

Plaintiffs lastly allege that by "not insuring that Plaintiff was reinstated on Title to the Property," OneWest is liable for slander of title under two separate subsections of A.R.S. § 33-420 (2007). Section 33-420(a) creates liability for persons who purport to claim an interest in property and who cause invalid documents asserting such claim to be recorded:

> A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars . . ."

A.R.S. § 33-420(a). Although Plaintiffs allege that OneWest committed "errors and oversights" during the foreclosure process and "claims an interest in the property adverse to plaintiff," they do not specify in either their Complaint or their Response to Defendant's Motion to Dismiss any recorded document(s) which they allege to be invalid. (Doc. 13, Ex. A; Doc. 18). OneWest has requested that the Court take judicial notice of several publically recorded documents related to the foreclosure sale, including a Notice of Trustee's Sale, two assignments of deed of trust, and a Trustee's Deed Upon Sale. (Doc. 20, Exs. 2–6). Even were Plaintiffs to allege that one or more of these documents assert an invalid interest, however, Plaintiffs' § 33-420(a) claim would fail as a matter of law.

First, courts in this District have routinely held that assignments and notices of trustee's sale do not constitute claims of "interest in, or a lien or encumbrance against, real property" as defined by A.R.S. § 33-420(a). *See, e.g., Schayes v. Orion Fin. Group, Inc.*,

2011 WL 3156303, at *6 (D. Ariz. July 27, 2011) ("The allegedly offending recordation is always some sort of document purporting to *create* an interest, lien, or encumbrance, such as a lis pendens, mechanics lien, or the deed of trust itself. [collecting cases] The Court could locate no authority applying [A.R.S. § 33-420] to assignments of mortgages and notices of trustee's sales.") (emphasis added); *In re Vasquez*, 2010 WL 3084975, at *1 (Bankr. D. Ariz. Aug. 5, 2010) ("In recording the Assignment, [the defendant] was not purporting to claim an interest in the Plaintiff's property. A.R.S. § 33–420 simply does not apply to the facts here."). In other words, assignments of deeds of trust and notices of trustee's sale do not "create an interest" in property. *See Schayes*, 2011 WL 3156303, at *6. They do not, therefore, create § 33-420 liability. *Id*.

Second, although a trustee's deed upon sale does create an interest in property, in the Trustee's Deed Upon Sale in this case, it is Fannie Mae, not OneWest, which asserts an interest in the Property. (*See* Doc. 20, Ex. 6). Because the Trustee's Deed Upon Sale does not assert any interest on behalf of OneWest, and because Fannie Mae is not a party to this action, Plaintiffs' § 33-420(a) claim fails as a matter of law.

A.R.S. § 33-420(c) creates similar liability for persons who refuse, upon request by the property owner, to correct a document which has created an invalid property interest:

> A person who is named in a document which purports to create an interest in, or a lien or encumbrance against, real property and who knows that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid shall be liable to the owner or title holder for the sum of not less than one thousand dollars . . . if he wilfully refuses to release or correct such document of record within twenty days from the date of a written request from the owner or beneficial title holder of the real property.

A.R.S. § 33-420(c). Although Plaintiffs allege that OneWest failed to ensure that Plaintiffs were reinstated on Title to their Property, Plaintiffs have failed to specify which document(s) OneWest refused to correct. (Doc. 13, Ex. A at ¶ 32). Moreover, like subsection (a), subsection (c) only applies to documents which "purport[ ] to create an interest in, or a lien or encumbrance against, real property." A.R.S. § 33-420(c). And as discussed above, the foreclosure documents of which the Court is aware either do not create an interest in the

Property or create an interest for Fannie Mae. Accordingly, Plaintiffs have not stated a claim against OneWest under § 33-420(c).

## CONCLUSION

Plaintiffs have stated a claim for negligence. They have failed to state valid claims for failure to record cancellation of trustee's sale, bad faith business practices, quiet title, or slander of title.

**IT IS THEREFORE ORDERED** that Defendant OneWest Bank's Motion to Dismiss (Doc. 9) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Defendant IndyMac Bank, FSB is dismissed as a party to this action.

DATED this 20th day of January, 2012.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge